86   281
103  316

MICHAEL DAVIS v. AUGUST MARXHAUSEN.

*Libel and slander—Identity of person—Charge to jury.*

1. The publication of a statement that the party therein named, giving his street and number has been arrested for theft, is libelous *per se,* and, if false, the person thus described is entitled to nominal damages, if no actual damages are proved.

2. In such a case it is error to instruct the jury that, if from the evidence they believe another person of the same name was libeled, the plaintiff cannot recover; as under the evidence the article referred to the plaintiff, it describing him both by name and the number of the street where he resided.

Error to Wayne. (Brevoort, J.) Argued May 12, 1891. Decided June 5, 1891.

Case for libel. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Sloman, Berry & Duffie,* for appellant.

*Morse Rohnert (John G. Hawley,* of counsel), for defendant.

GRANT, J. This is an action of libel, the defendant being publisher of the Detroit Abend-Post, in which the alleged libelous article was published November 15, 1889. It reads as follows:

"The police detectives Noble and McDonald arrested yesterday Michael Davis, who resides at No. 311 East Columbia street, on account of the theft of a quantity of lead pipe which belongs to the company who are undertaking to bring natural gas to Detroit."

A man by the name of Michael Davis had been arrested for the theft, but he did not live at the place designated in the article, which was the residence of the plaintiff.

It is unnecessary to state here how the mistake occurred. On November 17 defendant, having learned of the mistake, published another article, stating that the Michael Davis arrested for the theft did not live at 311 East Columbia street. On the 23d of the same month defendant published another article, again stating the mistake, and that the Michael Davis living at 311 East Columbia street was an honest man in all respects, and that through mistake he had suffered an unintentional wrong.

One error was committed by the circuit judge in his charge to the jury. He said to them:

"It is a fundamental legal principle that in an action for libelous publication the name of the person is a general one, and there is nothing in the publication to show that it refers to the plaintiff unless the plaintiff shows to you that it refers to him,—that he was the person libeled; and if from the evidence you believe that another Michael Davis was libeled, then he cannot recover."

It was evidently intended by this charge to instruct the jury that the identity of the plaintiff with the person named in the publication must be shown. Under the evidence the article referred to plaintiff, as it described him both by name and residence. Of this there could be no doubt. The Michael Davis arrested was not libeled. The libel consisted in referring to the plaintiff as the person arrested, when in fact he was not.

At the commencement of his charge the judge had instructed the jury that the article was libelous *per se,* and that the plaintiff was entitled to recover damages. This instruction was correct, and under it the plaintiff was entitled to nominal damages, if no actual damages had been proven. These two portions of the charge were inconsistent with each other, and only by finding that

"another Michael Davis was libeled" could the jury under this charge have found for the defendant.

We find no other errors in the record.

Judgment reversed, and new trial ordered.

The other Justices concurred.